UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE:

           CASE NO. 8:17-bk-07841-KRM

B N EMPIRE, LLC           Chapter 11

    Debtor.
_____/

### DEBTOR'S CHAPTER 11 CASE MANAGEMENT SUMMARY

Debtor, B N EMPIRE, LLC, by and through its undersigned counsel, hereby files this Case Management Summary pursuant to Local Rule 2081-1, and states:

### Introduction

On September 5, 2017 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

### Case Management Items

I.    Description of Debtor's Business

The Debtor is a single asset real estate entity that owns a retail strip center in Temple Terrace, Hillsborough County, Florida. The Debtor leases commercial space in the strip center to approximately thirty-two (32) tenants out of thirty-seven (37) available spaces.

II.    Location of Debtor's Operations and Whether Leased or Owned

The Debtor's real estate is located at 10915 N. 56th Street, Temple Terrace, Florida.

III.    Reasons for Filing Chapter 11

On or about May 1, 2015, the Debtor purchased commercial real estate located 10915 North 56th Street, Temple Terrace, Hillsborough County, Florida (the "Strip Center"). The Strip Center was purchased from Sherwood Forest of Temple Terrance, Inc. ("Sherwood") for $4,000,000.00. Through investors, the Debtor utilized $1,000,000.00 in cash for the purchase

and Sherwood agreed to finance the remaining $3,000,000.00. Sherwood holds the note and mortgage in the amount of $3,000,000.00 against the Strip Center. The monthly mortgage payment due to Sherwood is approximately $21,207.50 per month.

Between 2015 and 2016, approximately twelve (12) tenants did not renew their leases and vacated the premises. Also, five (5) tenants vacated the premises without completing the terms of their leases. It took the Debtor approximately eight (8) months to find new tenants. During this transition, the Debtor lost a significant amount of its income.

Additionally, the Hillsborough County property taxes increased from approximately $45,000.00 in 2015 to approximately $56,000.00 in 2016. Then in 2017, property taxes increased again by another $5,000 to $61,000.00 per year.

With the increases in property taxes and the high turnover of tenants, the Debtor was unable to meet its obligations and fell behind in its mortgage payments and property taxes.

After defaulting on the mortgage payments, the Debtor attempted negotiations with Sherwood to cure the default. However, during the negotiations process, Sherwood filed a foreclosure complaint on June 9, 2017 together with a Motion for Order to Show Cause Pursuant to Section 702.10(2), Florida Statutes, a Motion to Sequester Rents and Request for an Expedited Hearing, and a Motion for an Order Appointing Receiver. On June 21, 2017, the Court entered an Order to Show Cause Pursuant to Section 702.10(2), Florida Statutes scheduling a hearing for August 3, 2017. The Debtor was served on June 22, 2017.

Since the time the Debtor was served, the Debtor, through counsel, continued negotiations with Sherwood. The negotiations were lengthy, but the parties seemed to be moving into the direction of settlement. By the time the August 3, 2017 hearing on the Order to Show Cause was going to take place, negotiations were not completed, but the parties were close

to coming to a compromise. At the August 3, 2017 hearing, the Debtor agreed to the entry of an order requiring the Debtor to pay rent to Sherwood. The order required the Debtor to pay Sherwood the amount of $42,415.00 on September 1, 2017 and the regular monthly payment of $21,207.50 each month thereafter.

The Debtor continued negotiations with Sherwood and the parties came very close to a full settlement, but ultimately were unable to come to any mutual agreement. Pursuant to the agreement between the parties, on September 1, 2017, Sherwood provided the Debtor with one business day notice of default of the August 3, 2017 Order to Show Cause. The Debtor had no other option but to file a Chapter 11 voluntary petition.

Today, the Debtor has thirty-two (32) tenants out of thirty-seven (37) available spaces and income has been increasing. During the Chapter 11 case, the Debtor will seek to obtain adequate restructuring of its obligations with its creditors. The Debtor anticipates restructuring its debt and emerging from Chapter 11 as a viable going concern.

IV.   List of Current Officers and Directors, Salaries and Benefits

   Rajesh Bahl, Managing Member – none

   Yugal K. Bahl, Manager – none

   Arush Kalra, Secretary - none

V.   Debtor's Annual Gross Rental Income

The Debtor's year to date gross rental income for 2017 is approximately $296,000.00 (subject to audit). In 2015 and 2016, the Debtor generated gross rental income in the amount of $314,407.00 and $422,000.00, respectively.

VI. <u>Amounts Owed to Various Classes of Creditors</u>

A. Secured creditors and their collateral (including unperfected and unsecured creditors):

    i. Bridge Tax, LLC as tax certificate holder for 2015 property taxes in the approximate amount of $61,088.00;

    ii. ATCF II Florida-A, LLC as tax certificate holder for 2016 property taxes in the approximate amount of $70,980.00; and

    iii. Sherwood Forest of Temple Terrace, Inc., mortgagee in the amount of approximately $2,922,245.00.

    iv. Itria Ventures, LLC ("Itria") is a judgment creditor with respect to a Future Receivables Sales Agreement in the amount of $138,131.62. The judgment is unperfected and is likely undersecured as to its alleged lien on personal property, accounts etc. as a result of its UCC1 and financing agreement. Debtor disputes this claim.

A. To the Debtor's knowledge, no unsecured priority claims have been asserted against it.

B. The amount claimed by the general unsecured creditors is approximately $81,500.00, some of which is disputed. The unsecured creditors include previous tenants who allege that their security deposit is still owed to them and half of Itria's judgment claim.

VII. <u>General Description and Approximate Value of the Debtor's Current Assets</u>

Real estate – $4,300,000.00.

Tenant Security Deposits - $21,302.50.

Cash on hand for all bank accounts - $220.00

VIII. <u>Number of Employees and Amounts of Wages Owed as of Petition Date</u>

None.

IX. <u>Status of Debtor's Income, Payroll and Sales Tax Obligations</u>

Current.

X. <u>Anticipated Relief to be Requested within 14 Days</u>

    1. Motion to use cash collateral.

    2. Application(s) to employ professionals.

XI. <u>Debtor's Strategic Objectives</u>.

The Debtor hopes to resolve its litigation issues, and reorganize its affairs under a plan of reorganization.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically by the Court's CM/ECF system to the parties listed on the attached list of CM/ECF Participants on September 8, 2017.

    JOHNSON, POPE, BOKOR,
    RUPPEL & BURNS, LLP

    /s/ Alberto F. Gomez, Jr.
    Alberto F. Gomez, Jr. (FBN: 784486)
    401 E. Jackson Street, Ste. 3100 (33602)
    P.O. Box 1100
    Tampa, FL 33601-1100
    Telephone: 813-225-2500
    Facsimile: 813-223-7118
    Email: Al@jpfirm.com
    Attorneys for Debtor