UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE:

                                                CASE NO. 8:17-bk-07841-RCT

B N EMPIRE, LLC                                 Chapter 11

        Debtor.

_____/

**B N EMPIRE, LLC'S CHAPTER 11 PLAN OF**
**REORGANIZATION DATED DECEMBER 29, 2017**

**ARTICLE I**
**SUMMARY**

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of B N Empire, LLC (the "Debtor") from post confirmation monthly commissions and wages.

This Plan provides for the treatment of claims of eight (8) classes of creditors consisting of four (4) classes of secured claims, two (2) class of priority unsecured claims, one (1) class of general unsecured claims and one (1) class of equity security holders. Unsecured creditors holding allowed claims will receive 100% distribution of the allowed claim. This Plan also provides for the payment of administrative and priority tax claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. ***Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.***

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   **Class 1.**  Class 1 consists of Claim No. 6 in the amount of $3,351,236.59 filed by Sherwood Forest of Temple Terrace, Inc. ("Sherwood") as a result of a mortgage encumbering the Debtor's real property located at 10915 North 56th Street, Temple Terrace, FL 33617 ("Real Property"), to the extent allowed as a secured claim under § 506 of the Code.

2.02   **Class 2.**  Class 2 consists of the secured claim of Bridge Tax 616, LLC in the approximate amount of $61,081.74 as a result of delinquent 2015 real property taxes encumbering the Debtor's real property located at 10915 North 56th Street, Temple Terrace, FL 33617, to the extent allowed as a secured claim under § 506 of the Code.

2.03   **Class 3.**  Class 3 consists of Claim No. 7 filed by Alterna Capital Management on behalf of ATCF II Florida-A, LLC in the approximate amount of $70,974.41 as a result of delinquent 2016 real property taxes encumbering the Debtor's real property located at 10915 North 56th Street, Temple Terrace, FL 33617, to the extent allowed as a secured claim under § 506 of the Code.

2.04   **Class 4.**  Class 4 consists of the secured claim of the Hillsborough County Tax Collector in the amount of $64,527.14 as a result of the 2017 unpaid real property taxes for the Debtor's real property located at 10915 North 56th Street, Temple Terrace, FL 33617, to the extent allowed as a secured claim under § 506 of the Code.

2.05   **Class 5.**  Class 5 consists of the priority unsecured claim of the Internal Revenue Service in the total amount of $5,000.00 concerning the 2015 income taxes.

2.06   **Class 6.**  Class 6 consists of the priority claims in the total amount of approximately $24,360.00 (up to $1,800.00 per current tenant) of the Debtor's tenants' security

deposits in the total amount of $24,360.00 (up to $1,800.00 per current tenant pursuant to 11 U.S.C. Section 507(a)(7)) that the Debtor is required to hold in escrow.

2.07    **Class 7.**    Class 7 consists of the general unsecured creditors in the estimated amount of approximately $147,227.75.  This amount includes the claim of Itria Ventures, LLC and the Debtor's tenants' security deposits that equal the difference between the total claim amount and the maximum priority amount of $1,800 per tenant.

2.08    **Class 8**.  Class 8 consists of all equity interest holders.

**ARTICLE III**
**TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,**
**U.S. TRUSTEE FEES AND PRIORITY TAX CLAIMS**

3.01    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims and certain priority tax claims are not in classes.

3.02    Administrative Expense Claims.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. Administrative expense claims relating to the fees and costs of professionals are estimated to be approximately $35,000.00 (after payment of any interim fees).  This amount includes Debtor's counsel and any professionals hired by the Debtor. In this case, even though administrative expenses are due and payable as a condition of confirmation, counsel for the Debtor has agreed to receive deferred payments of approximately $1,945.00 per month for approximately eighteen (18) months.  In the event that the Debtor sells its Real Property within the first eighteen (18) months of the case, the Debtor shall utilize the net sale proceeds to pay the balance of all unpaid administrative expense claims in full at the time of the closing of the sale.

3.03    Priority Tax Claims.    Each holder of a priority tax claim will be paid consistent with § 1129(a)(9)(C) of the Code.

3.04    United States Trustee Fees.    All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

**ARTICLE IV**
**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 1 | Sherwood Forest of Temple Terrace, Inc. $3,351,236.59 | No | Impaired | Class 1 consists of Claim No. 6 filed by Sherwood Forest of Temple Terrace, Inc. ("Sherwood").  Claim No. 6 is secured as a result of a mortgage encumbering the Debtor's real property located at 10915 North 56th Street, Temple Terrace, FL 33617 ("Real Property").  Upon confirmation of the Plan, the note and mortgage will be reinstated upon the following terms:<br><br>The total amount of the Class 1 Claim is approximately $3,351,236.59, which consists of Claim No. 6 in the amount of $3,257,236.59, plus $94,000.00 for estimated attorney's fees and costs related this this claim.  Although the Debtor is utilizing the amount provided for in Claim No. 6 for purposes of the Plan, the Debtor reserves the right to object to Claim No. 6 and to the estimated attorney's fees and costs. |

|  |  |  |  | The Debtor shall pay the claim of the Class 1 Claimant in full in the amount of $3,351,236.59 by paying equal monthly payments of principal and interest at the fixed rate of 7% over thirty (30) years in the amount of $22,295.86 per month.<br><br>The first payment will begin on the Effective Date of the Plan and continue monthly thereafter for sixty (60) months. The payments shall enjoy a ten (10) day grace period.<br><br>At the end of the 60-month plan term, the balance owed to Sherwood shall balloon and be paid in full.<br><br>The terms of the original note and mortgage shall remain in full force and effect except as modified herein.<br><br>The Debtor reserve the right to prepay any amounts due herein.<br><br>During the 60-month Plan term, the Debtor shall diligently market the Real Property for sale for an amount not less than $4,100,000.00, unless an alternate amount is agreed to by the parties. Upon the acceptance of a contract, the Debtor will promptly notify Sherwood of the pending sale. Upon the closing of the sale, the balance of Sherwood's claim shall be paid in full.<br><br>While the automatic stay remains in effect, Debtor shall be in default under the Plan if it fails to make a Plan payment when due, or there is |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| | | | | a default under the unmodified terms of the Note or Mortgage and it fails to cure such default within seventy-two (72) hours after the Claimant or its attorney provides Debtor's counsel or an agent of Debtor's counsel with telephonic, facsimile or e-mail Notice of Default.  In such event, the Court shall grant Claimant *in rem* relief from stay to exercise its rights with respect to the collateral without notice or hearing provided Claimant files a proposed order together with an affidavit setting forth specific facts establishing that: (a) a default occurred; (b) Claimant or it's attorney provided Debtor's counsel or an agent of Debtor's counsel with seventy-two (72) hour Notice of Default; and (c) Debtor failed to cure the default within the seventy-two (72) hour period.   In any order entered pursuant hereto, the 14-day stay of Bankruptcy Rule 4001(a)(3) shall be waived.<br><br>If Debtor defaults after the automatic stay is no longer in effect, the default provisions of the Note and Mortgage shall apply. |
| 2 | US Bank as custodian for Bridge Tax, LLC<br>$61,081.74 | No | Impaired | Class 2 consists of the secured claim of Bridge Tax 616, LLC in the approximate amount of $61,081.74 as a result of delinquent 2015 real property taxes encumbering the Debtor's real property located at 10915 North 56th Street, Temple Terrace, FL 33617.<br><br>The Debtor shall pay the Class 2 claim in 60 equal monthly payments of $1,018.03 each beginning on the Effective Date of |

| | | | | |
|---|---|---|---|---|
| | | | | the Plan and continuing each month thereafter until paid in full.<br><br>In the event that the Debtor sells the real property post-confirmation, all outstanding amounts due on account of this claim will be paid in full at the time of the closing of the sale. |
| 3 | ATCF II Florida-A, LLC $70,974.41 | No | Impaired | Class 3 consists of Claim No. 7 filed by Alterna Capital Management in the amount of $70,974.11 as a result of a tax lien certificate for delinquent 2016 property taxes. The tax lien is secured against the Debtor's property located at 10915 North 56th Street in Temple Terrace, Florida.<br><br>The Debtor all pay the claim of the Class 3 Claimant in full in the amount of $70,974.41 by paying equal monthly payments of principal and interest at 5% per annum in the amount of approximately $1,339.37 for sixty (60) months. The first payment will begin on the Effective Date of the Plan and continue monthly thereafter until paid in full. The Debtor reserves the right to prepay any amounts due herein.<br><br>In the event that the Debtor sells the real property post-confirmation, all outstanding amounts due on account of this claim will be paid in full at the time of the closing of the sale. |
| 4 | Hillsborough County Tax Collector $64,527.14 | No | Impaired | Class 4 consists of the secured claim of Hillsborough County Tax Collector as a result of the 2017 unpaid real property taxes for the Debtor's real property located at 10915 North 56th Street, Temple |

| | | | | |
|---|---|---|---|---|
| | | | | Terrace, FL 33617 ("Real Property"). |
| | | | | The total amount of the Class 4 Claim is approximately $64,527.14. |
| | | | | In order to pay the Class 4 claim, the Debtor shall pay a $20,000.00 down payment upon the Effective Date of the Plan. Thereafter, the balance of the claim in the approximate amount of $44,527.14 shall be amortized at 18% interest per annum over sixty (60) months, which calculates to a monthly payment of approximately $1,181.37 per month. The first monthly payment shall be paid thirty (30) calendar days after the initial $20,000 down payment is made and continue each month thereafter until the sale of the Debtor's Real Property, at which time the Class 4 Claim will be paid in full. |
| | | | | In the event that the Debtor sells the real property post-confirmation, all outstanding amounts due on account of the allowed Class 4 claim will be paid in full at the time of the closing of the sale. |
| 5 | Internal Revenue Service ("IRS") $5,000.00 | No | Impaired | Class 5 consists of Claim No. 1 filed by the IRS in the amount of $5,000.00 as a priority unsecured claim concerning the 2015 income taxes. |
| | | | | The Debtor disputes that any taxes are owed. The Debtor began operating on or about May, 2015 and all tax returns have been filed with the IRS and no taxes were due for the 2015 tax year. |

| | | | | |
|---|---|---|---|---|
| | | | | Accordingly, the IRS shall not receive a distribution under the Debtor's confirmed Plan. |
| 6 | Tenant Security Deposits Trust $24,360.00 | No | Impaired | Class 6 consists of the priority claims of the Debtor's tenants' security deposits in the total amount of $24,360.00 (up to $1,800.00 per current tenant pursuant to 11 U.S.C. § 507(a)(7)) that the Debtor is required to hold in Trust.<br><br>The Debtor shall pay 100% of all allowed claims of Class 6 by making 60 equal monthly payments of $406.00 beginning upon the Effective Date of the Plan and continuing each month thereafter until all claims are paid in full.  The monthly payments shall be paid into a segregated bank account for the benefit of the Debtor's tenants.<br><br>In the event that the Debtor sells the real property post-confirmation, all outstanding amounts due on account of the allowed Class 6 claims will be paid in full at the time of the closing of the sale. |
| 7 | Unsecured Creditors approximately $147,227.75 | No | Impaired | Class 7 consists of the claims of the general unsecured creditors in the estimated amount of approximately $147,227.75.  This amount includes the claim of Itria Ventures, LLC and the Debtor's tenants' security deposits that equal the difference between the total claim amount and the maximum priority amount of $1,800 per tenant. |

| | | | | The Debtor shall pay 100% of the allowed claims of the Class 7 claimants by making equal monthly payments of $100.00 per month beginning upon the Effective Date of the Plan and continuing each month thereafter for a total of 18 months. Thereafter, the monthly payments shall increase to $2,000.00 per month beginning in month 19 and continuing each month thereafter until the Debtor sells its Real Property. The Debtor shall sell its Real Property during the sixty (60) month plan term.<br><br>Upon the sale of the Real Property, all outstanding amounts due on account of the allowed Class 7 claims will be paid in full at the time of the closing of the sale. |
|---|---|---|---|---|
| 8 | Equity interest holders | | Impaired | All equity interests will be retained by the Debtor's equity security holders upon confirmation. In this case, Mr. Bahl will retain 100% of his equity interest in the Debtor. |

### ARTICLE V
### ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.    A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order and, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent or unliquidated.

5.02    <u>Delay of Distribution on a Disputed Claim.</u>   No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    <u>Settlement of Disputed Claims.</u>   The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedures.

**ARTICLE VI**
**<u>PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>**

6.01    <u>Assumed Executory Contracts and Unexpired Leases.</u>

(a)    The Debtor assumes the following executory contracts:  All leases with tenants that are part of the Debtors' ordinary course of business shall deemed be assumed at confirmation.  Assumption means that the Debtors have elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any.

6.02    <u>Rejected Executory Contracts and Unexpired Leases.</u>

(a)    The Debtor rejects the following executory contracts:  None.

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan upon the effective date of this Plan provided they are not ordinary course executory agreements and leases.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed not later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of B N Empire, LLC (the "Debtor") from post confirmation rental income.  Currently, the Debtor's income is insufficient to pay all of its Plan related obligations during the first twelve (12) months of the plan.  The amount of the monthly shortfall is approximately $700.00 per month.  In order to cure the monthly shortfall, Debtor's principal's non-filing spouse, Kiran Bahl, and/or Debtor's affiliate, Cloud Contracts, Inc., will cover the monthly shortfall of approximately $700.00 per month during the first twelve (12) months of the Plan.  Thereafter, in the event of future shortfalls, Mrs. Bahl and/or Cloud Contracts will cover any future shortfalls on an as needed basis.  Further, post-confirmation, the Debtor will diligently market its Real Property for sale and the balances due to any creditors herein will be paid in full upon the closing of the sale.

On the Effective Date, except as otherwise expressly provided in the Plan, the Reorganized Debtor will be re-vested with all of its assets.  The Debtor and all the creditors will be bound by the terms of the confirmed Plan.  Rajesh Bahl will continue to serve as the Reorganized Debtor's Managing Member, Yugal K. Bahl as the Reorganized Debtor's Manager and Arush Kalra as the Reorganized Debtor's Secretary.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

(a)   <u>Bar Date</u>: "Bar Date" means the last date for filing a Proof of Claim against the Debtor in this Chapter 11 Case, which is December 18, 2017.

(b)   <u>Confirmation</u>: "Confirmation" means the entry by the Bankruptcy Court of the Order confirming and approving this Plan or any subsequent version of such Plan. Upon the Confirmation Order becoming final and non-appealable, this will establish the "Effective Date" of the Plan.

(c)   <u>Debtor's Counsel</u>: "Debtor's Counsel" shall mean Alberto F. Gomez, Jr., Esquire and the law firm of Johnson, Pope, Bokor, Ruppel & Burns, LLP (collectively "Johnson Pope") of Tampa, Florida.

(d)   <u>Petition Date</u>: "Petition Date" means September 5, 2017.

8.02   <u>Effective Date of the Plan.</u>   The effective date of this Plan is the first business day following the thirty (30) days after the entry of the order on confirmation.   If, however, a stay of the confirmation order is in effect on this date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03   <u>Severability.</u>   If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04   <u>Binding Effect.</u>   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05   <u>Captions.</u>   The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law, including the Code or the Federal Rules of Bankruptcy Procedure, the laws of the State of Florida govern this Plan and any agreements, documents and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.07    Corporate Governance.  Under § 1123(a)(6)and § 1123(a)(7), a bankruptcy court is required to scrutinize any reorganization plan which alters voting rights or establishes management in connection with a plan of reorganization, whether or not plan provides for issuance of new securities.  A bankruptcy court considers shareholders' interest in participating in Debtor Corporation, desire to preserve debtor's reorganization, and overall fairness of provisions.   This Plan does not intend to change the structure of its corporate governance to include different classes of shares or non-voting shares and to the extent applicable, the Debtor shall amend its by-laws to prohibit the issuance of nonvoting shares.

## ARTICLE IX
## DISCHARGE

9.01    Discharge.   The rights afforded to the holders of Claims by and in the Plan shall be in exchange for and in complete release, satisfaction, and discharge, to the fullest extent permitted by applicable law, of all claims of any nature whatsoever against the Debtor.

## ARTICLE V
## RETENTION OF JURISDICTION

10.01   Retention of Jurisdiction: The Bankruptcy Court will retain jurisdiction as provided for by the Bankruptcy Code and other applicable law.  The Bankruptcy Court will retain jurisdiction to determine all issues related to the Debtor's Plan, assumption of executory contracts, objections to claims, settlements approved by the Bankruptcy Court, including the enforcement of any plan default.

## ARTICLE VI
## NO LIABILITY FOR TAX CLAIMS

11.01   Unless a taxing Governmental Authority has asserted a Claim against the Debtor before the Bar Date or Administrative Expense Claims Bar Date established therefore, no Claim of such Governmental Authority shall be allowed against the Debtor or the Reorganized Debtor or their respective members, officers or agents for taxes, penalties, interest, additions to tax or other charges arising out of (i) the failure, if any, of the Debtor, any of its affiliates, or any other person or entity to have paid tax or to have filed any tax return (including any income tax return or franchise tax return) in or for any prior year or period, or (ii) an audit of any return for a period before the Petition Date.

## ARTICLE VII
## NO DOCUMENTARY STAMPS UNDER 11 U.S.C. § 1146(a)

This provision is not applicable to this case since the Debtor's Plan does not seek the sale of any asset that would be included under § 1146(a).

December 29, 2017                         Respectfully submitted,

                                          B N EMPIRE, LLC

                                          By:  /s/ Rajesh Bahl
                                               Rajesh Bahl, President

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **PLAN OF REORGANIZATION** has been furnished either by the Court's CM/ECF system or by regular U. S. Mail to the **Office of the U.S. States Trustee**, 501 E. Polk St., Ste. 1200, Tampa, FL 33602; and **B N Empire, LLC,** 10921 North 56th Street #201, Tampa, FL 33617 on December 29, 2017.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Alberto F. Gomez, Jr.
Alberto F. Gomez, Jr. (FBN: 784486)
401 E. Jackson Street, Ste. 3100 (33602)
P.O. Box 1100
Tampa, FL 33601-1100
Telephone:   813-225-2500
Facsimile:   813-223-7118
Email: Al@jpfirm.com
Attorneys for Debtor